# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-50755
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

June 23, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LAMART JOEL KWAJA, also known as Michael Lamart, also known as Lmart Kwaja, also known as Lamart J. Kwaja, also known as Lamart J. Martin, also known as Lamart Joel Martin, also known as La Mart J. Martin,

Defendant-Appellant

————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:15-CR-183-1

————

Before BENAVIDES, DENNIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Lamart Joel Kwaja pleaded guilty of assault on a federal officer, and he was sentenced within the guidelines range to a 120-month term of imprisonment and to a three-year period of supervised release.

Kwaja contends that the district court abused its discretion in denying his motion to continue the sentencing hearing to enable him to obtain expert

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evaluation of the officer's medical records and that the district court clearly erred in finding that the officer sustained a serious bodily injury for purposes of applying U.S.S.G. § 2A2.2(a) & (b)(3)(C).

A preponderance of the evidence shows that the officer experienced extreme physical pain and a protracted impairment of his brain because of Kwaja's assault. *See United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013); *see also* U.S.S.G. § 1B1.1, comment. (n.1(L)). Kwaja has not shown that he was seriously prejudiced by the denial of his motion for a continuance, and the district court's finding that the officer sustained a serious bodily injury is plausible in light of the record as a whole, and, therefore, is not clearly erroneous. *See United States v. Stanford*, 805 F.3d 557, 567 (5th Cir. 2015), *cert. denied*, 137 S. Ct. 491 (2016); *Alaniz*, 726 F.3d at 618; *see also United States v. Garza-Robles*, 627 F.3d 161, 169-70 (5th Cir. 2010); *United States v. Moore*, 997 F.2d 30, 37 (5th Cir. 1993).

Next, Kwaja asserts that, in applying U.S.S.G. § 3A1.2(b), the district court erred in finding that the assault was motivated by the officer's status as a government official. The sole reason Kwaja's altercation with the officer arose was because the officer was acting in his official capacity as a federal policeman. The district court did not clearly err. *See United States v. Williams*, 520 F.3d 414, 424 (5th Cir. 2008).

Finally, Kwaja contends that the sentence is greater than necessary to satisfy the statutory sentencing factors and, therefore, is substantively unreasonable. Kwaja's mere disagreement with the district court's weighing of the statutory factors is insufficient to overcome the presumption of reasonableness applicable to his within-guidelines sentence. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). The judgment is AFFIRMED.